UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

CASE NO.: 1:19-cv-7750

BRYAN E. GLYNN,

    Plaintiff,

v.

TOTALPRESTIGE INC.,

    Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff BRYAN E. GLYNN by and through his undersigned counsel, brings this Complaint against Defendant TOTALPRESTIGE INC. for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff BRYAN E. GLYNN ("GLYNN"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Glynn's original copyrighted works of authorship.

2. Glynn is a master of lighting with extensive experience in using both natural light and flashes to get spectacular results in any environment. Glynn also is the founder of CigarObsession (at www.cigarobsession.com) and the producer of one of the most popular cigar video review YouTube channels.

3. Over the years, Glynn has worked in different areas of photography including architecture, weddings, models, landscapes, concerts, sports, and tabletop. Glynn has won many

awards, both local and National, and his photographs have been published in magazines and newspapers across the country.  Glynn's work can be identified at a glance for its crisp almost 3D look without using HDR; instead he uses off camera flash for dimension and pop, especially in his product work, which produces incredible details and dimension that stand out like a fingerprint for clients.

4. Defendant TOTALPRESTIGE INC. ("TPI") is the official magazine of TotalPrestige Business Club whose main topics are business and luxury lifestyle. Along with articles, interesting features and interviews, TotalPrestige Magazine informs members and readers about the best products and services from the most prestigious and luxurious brands around the world.

5. Glynn alleges that TPI copied Glynn's copyrighted Work from the internet in order to advertise, market and promote its business activities.  TPI committed the violations alleged in connection with TPI's business for purposes of advertising and promoting sales to the public in the course and scope of TPI's business.

## JURISDICTION AND VENUE

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. Defendant is subject to personal jurisdiction in New York.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

**DEFENDANT**

10. TotalPrestige Inc. is a corporation with its principal place of business at 99 Wall Street, #177, New York, NY 10005, and can be served by serving its Registered Agent, Agents and Corporations, Inc., 1201 N Orange Street, Suite 600, Wilmington, DE 19801.

**THE COPYRIGHTED WORK AT ISSUE**

11. In 2017, Glynn created a photograph entitled "150806ghmrc0001," which is shown below and referred to herein as the "Work".



12. Glynn registered the Work with the Register of Copyrights on January 21, 2017 and was assigned the registration number VAu 1-271-409.  The Certificate of Registration is attached hereto as Exhibit 1.

13. At all relevant times Glynn was the owner of the copyrighted Work at issue in this case.

**INFRINGEMENT BY DEFENDANT**

14. TPI has never been licensed to use the Work at issue in this action for any purpose.

15. On a date after the Work at issue in this action was created, but prior to the filing of this action, TPI copied the Work.

16. TPI copied Glynn's copyrighted Work without Glynn's permission.

17. After TPI copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its article on its website about the world's most expensive cigars.

18. TPI copied and distributed Glynn's copyrighted Work in connection with TPI's business for purposes of advertising and promoting TPI's business, and in the course and scope of advertising and selling products and services.

19. Glynn's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

20. TPI committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

21. Glynn never gave TPI permission or authority to copy, distribute or display the Work at issue in this case.

22. Glynn notified TPI of the allegations set forth herein on April 11, 2019 and April 26, 2019.  To date, TPI has failed to respond to Plaintiff's Notices.  Copies of the Notices to TPI are attached hereto as Exhibit 3.

## COUNT I
## COPYRIGHT INFRINGEMENT

23. Plaintiff incorporates the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Glynn owns a valid copyright in the Work at issue in this case.

25. Glynn registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

**SRIPLAW**
125 MAIDEN LANE, SUITE 5C, NEW YORK, NY  10038

26. TPI copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Glynn's authorization in violation of 17 U.S.C. § 501.

27. TPI performed the acts alleged in the course and scope of its business activities.

28. TPI's acts were willful.

29. Glynn has been damaged.

30. The harm caused to Glynn has been irreparable.

WHEREFORE, the Plaintiff Bryan E. Glynn prays for judgment against the Defendant TotalPrestige Inc. that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendant be required to pay Plaintiff his actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

e. Plaintiff be awarded prejudgment interest; and

f. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: August 19, 2019					Respectfully submitted,

        */s/  Joseph A. Dunne*
        JOSEPH A. DUNNE (JD0674)
        joseph.dunne@sriplaw.com
        JOEL B. ROTHMAN (JR0352)
        joel.rothman@sriplaw.com
        JONAH A. GROSSBARDT (JG5854)
        jonah.grossbardt@sriplaw.com

        **SRIPLAW**
        125 Maiden Lane
        Suite 5C
        New York, NY  10038
        929.200.8446 – Telephone
        561.404.4353 – Facsimile

        *Attorneys for Plaintiff Bryan E. Glynn*